

# NUMBER 13-26-00429-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ROYAL HOLDING COMPANY, INC.

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron**
**Memorandum Opinion by Justice West[1]**

By petition for writ of mandamus, relator Royal Holding Company, Inc. (Royal) asserts that the trial court[2] abused its discretion by issuing an order on May 21, 2026, allowing Royal to sell the Terra Rosa Ranch, requiring Royal to place the sales proceeds

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number 2023DCV-2916-D in the 105th District Court of Nueces County, Texas, and the respondent is the Honorable Jack Pulcher. *See id.* R. 52.2. We previously denied mandamus relief in a related matter. *See In re Royal Holding Co.*, No. 13-26-00374-CV, 2026 WL 1657219, at *1 (Tex. App.—Corpus Christi–Edinburg June 8, 2026, orig. proceeding) (mem. op.).

into the registry of the court, and ordering Royal to produce a copy of the closing statement for the sale to real party in interest Stuart "Ross" Patchin. Royal characterizes the May 21, 2026 order as a temporary restraining order, whereas Ross contends that an order compelling the deposit of funds into the registry of the court is not injunctive in nature. We conclude that, in either event, the order was erroneous. Accordingly, we conditionally grant the petition for writ of mandamus.

## I.     BACKGROUND

Royal is a holding company for many other companies and has extensive assets. It is owned by three siblings—Ross, Dominique Patchin Bauer, and Katrina Patchin Greiner—in equal parts in testamentary trusts. The siblings' mother, Lisa Patchin, serves as trustee. The underlying lawsuit concerns the ownership and control of Royal and involves claims among these individuals regarding, *inter alia*, alleged breaches of fiduciary duty and self-dealing.

During the litigation, Ross filed a "Verified Application for Temporary Restraining Order and Application for Temporary Injunction" in which he alleged that Katrina, Dominique, and Lisa had "wrongfully usurped control of [Royal] and its assets, continue to refuse and deny Ross access to books and records of [Royal], and through a series of past and on-going self-dealing transactions are wasting assets of [Royal] to improperly enrich and benefit themselves." Ross further alleged that Royal's stockholder agreement required Royal to pay cash distributions before tax payments were due, and Royal had failed to do so, leaving Ross with a tax obligation of $65,000 with no ability to pay in the absence of a cash distribution. Ross further alleged that Royal, acting through a wholly owned subsidiary, Royal Oil & Gas Corporation (Royal Oil), had recently sold real

2

property for approximately $2,000,000, thereby causing Ross to potentially incur more tax liability, and that Royal planned to sell additional real estate through Royal Oil for a sum exceeding $42,000,000. Ross stated that he opposed the forthcoming sale because it was "highly likely" that the proceeds of the sale would be used to benefit Katrina, Dominique, and Lisa instead of Royal and Ross. Invoking Texas Rules of Civil Procedure 680 and 681 and Texas Civil Practice and Remedies Code section 65.011(1) and (3), Ross requested the trial court to issue a temporary restraining order and a temporary injunction

> enjoining Katrina, Dominique, and Lisa (and thereby [Royal] and [Royal Oil] acting in concert therewith)—collectively 'Proposed Enjoined Parties'—and all those acting in concert with Enjoined Parties from selling, mortgaging, or otherwise encumbering any of [Royal's] or its subsidiaries' real property without approval of this Court (subject to proof of all legally required disclosures to Ross and legal pre-requisites for sale of real property by [Royal]); or alternatively, enjoining use of funds in any manner other than by deposit into the registry of this Court—all such injunctive relief pending further Order from this Court or a final adjudication of the merits. [Ross] further requests that upon final trial on the merits, the Court award a permanent injunction against Proposed Enjoined Parties, and all those acting in concert with them, for the same activity.

See Tex. R. Civ. P. 680 (regarding temporary restraining orders), 681 (requiring notice for temporary injunctions); Tex. Civ. Prac. & Rem. Code § 65.011 (governing writs of injunction). The record does not indicate that the real parties in interest filed a response to Ross's application. On May 21, 2026, the trial court held a non-evidentiary hearing on this matter and signed the order at issue in this original proceeding. The trial court's order provides:

> On May 21, 2026, the Court considered [Ross's] Verified Application for Temporary Restraining Order ("Application") requesting injunctive relief against proposed Enjoined Parties (as this term is defined in the Application), and those acting in concert with Enjoined Parties, and the Court having considered the Application, responses thereto, the pleadings,

3

the affidavit(s) and/or verification(s) on file, any evidence submitted, arguments of counsels, rules as follows:

The parties acknowledged and the Court finds that there is an imminent sale pending of approximately 26,400 acres of real property owned by [Royal Oil] (a wholly 'owned subsidiary of [Royal]), the "Terra Rosa" ranch . . . with closing on the Terra Rosa ranch scheduled on or about May 22, 2026.

**IT IS ORDERED** that sale of the Terra Rosa ranch may proceed to closing, and that the sales proceeds from sale of the Terra Rosa ranch acreage reference[d] above (less the lien amount owed by [Royal Oil] to Citizen's Bank which shall be paid to Citizen's Bank, and less usual and customary closing cost) shall be deposited into the registry of this Court by payment to "Nueces County District Clerk," subject to further order of this Court.

**IT IS FURTHER ORDERED** that on or before the close of business on May 22, 2026, [Royal, Lisa, Katrina, and Dominique] shall [ensure] that a full and complete copy of the title company's closing statement for the referenced closing on the Terra Rosa ranch be produced to [Ross] or his attorney.

The court orders no bond since proceeds of the sale of the Terra Rosa ranch are being deposited into the registry of the Court by payment to the "Nueces County District Clerk."

This original proceeding ensued. By two issues with sub issues, Royal contends that the trial court's order is void because it fails to comply with the mandatory requirements of Texas Rules of Civil Procedure 680, 683, and 684, and mandamus relief is appropriate. The Court ordered the real parties in interest to file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.4, 52.8. Katrina filed a response in support of Royal's request for relief. Dominique and Lisa advised the Court that they support and join in both the petition for writ of mandamus and Katrina's response. In contrast, Ross filed a response in opposition to the petition for writ of mandamus asserting that, "Texas law has been and remains that an order to place funds into the court's registry is **NOT** a temporary restraining order ("TRO") or temporary injunction, and thus not

4

subject to [Texas Rules of Civil Procedure] 680, 683, 684, 685, and 686; but rather such a court ruling is left to the sound discretion of the trial judge." Royal filed a reply to Ross's response. *See id.* R. 52.5.[3]

## II.    MANDAMUS

Mandamus relief is an extraordinary remedy available only when (1) the trial court clearly abused its discretion, and (2) the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *In re Liberty Cnty. Mut. Ins.*, 679 S.W.3d 170, 174 (Tex. 2023) (orig. proceeding) (per curiam). "A court abuses its discretion if no evidence supports the finding on which its ruling rests and if the court could reasonably have reached only a contrary conclusion." *In re AutoZoners, LLC*, 694 S.W.3d 219, 223 (Tex. 2024) (orig. proceeding) (per curiam). We conduct a "benefits-and-detriments analysis" to determine if the relator possesses an adequate remedy at law. *In re Auburn Creek Ltd. P'ship*, 655 S.W.3d 837, 843 (Tex. 2022) (orig. proceeding) (per curiam); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136–37 (Tex. 2004) (orig. proceeding).

## III.    DISCUSSION

Royal asserts that the trial court's order is a temporary restraining order which is void because it fails to meet the applicable requirements for such an order. Ross argues instead that the order is sustainable as an order requiring the deposit of funds into the registry of the court. Royal disagrees, and asserts that, in any event, the trial court erred.

---

[3] We note that on June 24, 2026, Royal filed a motion for emergency stay of the trial court's order. We requested and received a response to Royal's motion from Ross. Because we are now addressing the merits of this original proceeding on an expedited timeline, we dismiss Royal's motion for emergency stay as moot.

## A.    Applicable Law

Temporary restraining orders are subject to the requirements of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 680, 683, 684. These procedural requirements are mandatory, and a temporary restraining order that fails to meet these requirements is void. *See In re Luther*, 620 S.W.3d 715, 722 (Tex. 2021) (orig. proceeding) (per curiam) (discussing Rule 683); *In re Off. of Att'y Gen.*, 257 S.W.3d 695, 697 (Tex. 2008) (orig. proceeding) (discussing Rule 680); *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam) (discussing Rules 683 and 684); *see also InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam). The Texas Supreme Court has instructed us that these requirements must be "strictly" followed. *In re Luther*, 620 S.W.3d at 722; *InterFirst Bank San Felipe, N.A.*, 715 S.W.2d at 641. In summary, a trial court issuing a temporary restraining order is required to: (1) state why the order was granted without notice if it is granted ex parte; (2) state the reasons for the issuance of the order by defining the injury and describing why it is irreparable; (3) state the date the order expires and set a hearing on a temporary injunction; and (4) set a bond. *See* TEX. R. CIV. P. 680, 683, 684; *In re Off. of Att'y Gen.*, 257 S.W.3d at 697; *Nelson v. Vernco Const., Inc.*, 367 S.W.3d 516, 522 (Tex. App.—El Paso 2012, no pet.).

The trial court has the inherent authority to require the deposit of disputed funds into the registry of the court if there is evidence that the funds are in danger of being lost or depleted. *See Castilleja v. Camero*, 414 S.W.2d 431 (Tex. 1967)[4]; *Zhao v. XO Energy*

---

[4] We note that the Fourteenth Court of Appeals has questioned whether *Castilleja* applies to prejudgment cases or only applies in post judgment proceedings, and it has characterized prejudgment orders as writs of attachment subject to stringent requirements. *See In re Warrior Energy Servs. Corp.*, 599 S.W.3d 110, 116 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding); *see also* TEX. CIV. PRAC. & REM.

*LLC*, 493 S.W.3d 725, 736 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding); *In re Guardianship of Bays*, 355 S.W.3d 715, 721 (Tex. App.—Fort Worth 2011, orig. proceeding); *In re Reveille Res. (Tex.), Inc.*, 347 S.W.3d 301, 304 (Tex. App.—San Antonio 2011, orig. proceeding); *N. Cypress Med. Ctr. v. St. Laurent*, 296 S.W.3d 171, 178-79 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding); *see also In re Galpin*, No. 03-23-00606-CV, 2023 WL 7196424, at *1 (Tex. App.—Austin Nov. 1, 2023, orig. proceeding) (mem. op.); *In re G-M Water Supply Corp.*, No. 12-16-00223-CV, 2016 WL 6873181, at *2 (Tex. App.—Tyler Nov. 22, 2016, orig. proceeding) (mem. op.); *O'Brien v. Baker*, No. 05-15-00489-CV, 2015 WL 6859581, at *3 (Tex. App.—Dallas Nov. 9, 2015, no pet.) (combined app. & orig. proceeding). This inherent authority protects the status quo of disputed funds until the ownership of the funds can be established. *Castilleja*, 414 S.W.2d at 433; *N. Cypress Med. Ctr.*, 296 S.W.3d at 178; *see also In re Lesikar*, No. 01-20-00391-CV, 2021 WL 4733237, at *5 (Tex. App.—Houston [1st Dist.] Oct. 12, 2021, orig. proceeding) (mem. op.). The party seeking to have the funds placed in the registry bears the burden of establishing both that the funds are disputed and that they are in danger of being lost or depleted. *See Zhao*, 493 S.W.3d at 736; *see also In re Lesikar*, 2021 WL 4733237, at *5. Further, the party must show that the dispute concerns a specific fund rather than general monetary damages. *In re Lavender*, No. 02-22-00309-CV, 2022 WL 3723306, at *2–3 (Tex. App.—Fort Worth Aug. 30, 2022, orig. proceeding) (mem. op.); *In re Hayward*, 480 S.W.3d 48, 54–55 (Tex. App.–Fort Worth 2015, orig.

---

CODE § 61.001. For the purposes of this original proceeding, we assume without deciding that *Castilleja* and its progeny govern our review.

proceeding); *Behringer Harvard Royal Island, LLC v. Skokos*, No. 05-09-00332-CV, 2009 WL 4756579, at *4 (Tex. App.—Dallas Dec. 14, 2009, no pet.) (mem. op.).

When there is insufficient evidence presented that disputed funds are in danger of being lost or depleted, the trial court abuses its discretion by ordering the funds deposited in the registry of the court, and mandamus relief[5] from such an order is appropriate. *In re Stem, Inc.*, No. 14-24-00891-CV, 2025 WL 1583574, at *4, __ S.W.3d __, __ (Tex. App.—Houston [14th Dist.] June 5, 2025, orig. proceeding); *Zhao*, 493 S.W.3d at 736; *In re Reveille Res. (Tex.) Inc.*, 347 S.W.3d at 304; *see also O'Brien*, 2015 WL 6859581, at *3; *In re Deponte Invs.*, No. 05-04-01781-CV, 2005 WL 248664, at *2 (Tex. App.—Dallas Feb. 3, 2005, orig. proceeding) (mem. op.). In this regard, the arguments of counsel do not constitute evidence that funds are being lost or depleted. *In re Reveille Res. (Tex.), Inc.*, 347 S.W.3d at 304; *see also In re AP Gulf States, Inc.*, No. 10-19-00081-CV, 2019 WL 1561575, at *2 (Tex. App.—Waco Apr. 10, 2019, orig. proceeding) (mem. op.). Likewise, a verified petition will not serve as the requisite evidence. *See Laidlaw Waste Systems (Dall.), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) ("Generally, pleadings are not competent evidence, even if sworn or verified."); *see also In re AP Gulf States, Inc.*, 2019 WL 1561575, at *2.

---

[5] Orders compelling the deposit of funds into the registry of the court are not temporary injunctions for which interlocutory appeals are authorized, even if they are included in a temporary injunction. *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, 540 S.W.3d 577, 588 (Tex. 2018) (per curiam); *Structured Cap. Res. Corp. v. Arctic Cold Storage, LLC*, 237 S.W.3d 890, 894 (Tex. App.—Tyler 2007, no pet.); *Faddoul, Glasheen & Valles, P.C. v. Oaxaca*, 52 S.W.3d 209, 212 (Tex. App.—El Paso 2001, no pet.); *Diana Rivera & Assocs., P.C. v. Calvillo*, 986 S.W.2d 795, 798 (Tex. App.—Corpus Christi–Edinburg 1999, pet. denied); *see also Dutton v. Williams*, No. 14-24-00778-CV, 2025 WL 1833391, at *2 (Tex. App.—Houston [14th Dist.] July 3, 2025, no pet.) (per curiam) (mem. op.); *Midwestern Cattle Mktg., LLC v. Nw. Cattle Feeders, LLC*, No. 02-17-00274-CV, 2018 WL 1414834, at *5 (Tex. App.—Fort Worth Mar. 22, 2018, pet. denied) (mem. op.).

**B.       Analysis**

The trial court's May 21, 2026 order does not: (1) state the reasons for its issuance by defining the injury sought to be prevented and describing why it is irreparable; (2) state the date the order expires and set a hearing on a temporary injunction; or (3) set a bond. *See* TEX. R. CIV. P. 680, 683, 684; *In re Off. of Att'y Gen.*, 257 S.W.3d at 697; *Nelson*, 367 S.W.3d at 522. Accordingly, to the extent that the order can be characterized as a temporary restraining order, as Royal argues, it would be void. *See In re Luther*, 620 S.W.3d at 722; *In re Off. of Att'y Gen.*, 257 S.W.3d at 697.

The order fares no better if we characterize it as Ross suggests we should—that is—as an order requiring the deposit of funds into the registry of the court. In short, Ross did not present any evidence that the disputed funds were in danger of being lost or depleted. *See In re Stem, Inc.*, 2025 WL 1583574, at *4, __ S.W.3d at __; *Zhao*, 493 S.W.3d at 736; *In re Reveille Res. (Tex.) Inc.*, 347 S.W.3d at 304; *see also O'Brien*, 2015 WL 6859581, at *3; *In re Deponte Invs.*, 2005 WL 248664, at *2. Ross's verified petition was not introduced into evidence, and the arguments of his counsel in favor of the deposit do not constitute evidence that the disputed funds are in danger of being lost or depleted. *See In re Reveille Res. (Tex.), Inc.*, 347 S.W.3d at 304; *see also In re AP Gulf States, Inc.*, 2019 WL 1561575, at *2. In the absence of evidence, the trial court abused its discretion by requiring the deposit of funds resulting from the sale. *In re Stem, Inc.*, 2025 WL 1583574, at *4, __ S.W.3d at __; *Zhao*, 493 S.W.3d at 736; *In re Reveille Res. (Tex.) Inc.*, 347 S.W.3d at 304; *see also O'Brien*, 2015 WL 6859581, at *3; *In re Deponte Invs.*, 2005 WL 248664, at *2. Having reached this conclusion, we need not address whether

the dispute concerns a specific fund rather than general monetary damages. *See* TEX. R. APP. P. 47.1, 47.4.

## C. Summary

As discussed above, the trial court's May 21, 2026 order constitutes an abuse of discretion. Construed as a temporary restraining order, it would be void and Royal would not need to show that it lacks an adequate remedy by appeal to obtain relief by mandamus. *See In re Luther*, 620 S.W.3d at 722; *In re Off. of Att'y Gen.*, 257 S.W.3d at 697. In any event, examining the order as one compelling the deposit of funds, and balancing the benefits to mandamus review against the detriments, we conclude that Royal lacks an adequate remedy by appeal. *See In re Stem, Inc.*, 2025 WL 1583574, at *5, __ S.W.3d at __ (collecting cases); *In re Warrior Energy Servs. Corp.*, 599 S.W.3d 110, 118 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) ("We conclude that deprivation of the use of money is a factor properly considered under Prudential's balancing test for evaluating the adequacy of an appeal."). We note, in this regard, that Royal argues that compliance with the trial court's order would be "economically disastrous" to its operations. Further, the trial court's order would be mooted by a final judgment in this case, and appellate review would be unavailable. *See id.* In sum, a remedy by regular appeal following a final judgment would not adequately preserve Royal's rights.

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the responses, the record, and the applicable law, is of the opinion Royal has met its burden to obtain relief. Accordingly, we conditionally grant the petition for writ of

mandamus. We direct the trial court to vacate its May 21, 2026 order and to proceed in accordance with this memorandum opinion. Our writ will be issued only if the trial court fails to promptly comply.

JON WEST
Justice

Delivered and filed on the
2nd day of July, 2026.